JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07452-HDV-PVCx | Date | November 30, 2023 |
| Title | Muhammad Umair Nabeel v. Meta Platforms, Inc., et al. | | |

Present: The Honorable  Hernán D. Vera, United States District Judge

| Charles Rojas | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

Proceedings: (IN CHAMBERS) ORDER GRANTING DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [09] AND UNIVERSAL MUSIC GROUP, INC.'S JOINDER IN MOTION [12]

Before the Court is Defendant Meta Platforms, Inc.'s ("Meta") Motion to Dismiss Plaintiff's Complaint, asserting that Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6). ("Motion") [Dkt. No. 09]. Defendant Universal Music Group, Inc. ("Universal") joined in the Motion. [Dkt. No. 12]. For the reasons described below, the Court *grants* the Motion without leave to amend.

***

### A. Copyright Infringement

Plaintiff's Complaint (filed and litigated in *pro per*) is premised entirely on the assertion that Defendants violated Plaintiff's intellectual property by selling his biographical and personal information posted on social media to various well-known recording artists and production companies. *See* Complaint ¶¶ 19, 20. For example, Plaintiff alleges he won a meet and greet with Selena Gomez, which took place in October 2012. *Id.* ¶ 23; *id.* at 9, Figure 1.A. Plaintiff alleges (without any support whatsoever) that, after the meet and greet in October 2012, Selena Gomez composed and commercialized 17 songs about him. *Id.* ¶ 26. Plaintiff alleges one of those songs, *Come and Get It*, is connected to Plaintiff because (1) he told Selena Gomez at the meet and greet that he is from Pakistan, (2) one of the backup singers on the track is a Pakistani woman, (3) Plaintiff was under the age of consent at the time of the meet and greet, and (4) the

lyrics "when you're ready come and get it" are suggestive of anticipating a person reaching the age of consent.  *Id*. ¶¶ 29, 32; *id*. at 14, Figure 1.2.F.[1]

Another example pled in the Complaint involves a car accident in March 2017 that occurred while Plaintiff was driving his gold 2006 Lexus ES.  *Id*. ¶ 49; *id*. at 24, Figure 2.1.XY.  Plaintiff alleges that Taylor Swift's hit song *Look What You Made Me Do*, released five months later, made "a mockery of Plaintiff's accident."  *Id*. ¶ 50.  Plaintiff cites purported similarities including that the music video features (1) Taylor Swift crashing a gold car followed by (2) Swift in an orange outfit in a cage, which Plaintiff interprets as a reference to his incarceration following the accident.  *Id*. ¶¶ 54, 58.  Plaintiff also notes the music video features motorcycles, which was "the vibe of plaintiff during [his] college years," and a prominent use of Plaintiff's middle initial 'U'.  *Id*. ¶¶ 52, 55, 58.

Plaintiff's copyright infringement claim fails for at least two reasons.

First, there is no evidence that Plaintiff obtained a registered copyright over any of the works cited in the Complaint.  To state a claim for copyright infringement, a plaintiff must plausibly allege two things: "(1) **ownership** of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361 (1991) (emphasis added).  The Copyright Act states that "no civil action for infringement of the copyright in any United States work shall be instituted until…registration of the copyright claim has been made in accordance with" Title 17 of the United States Code.  17 U.S.C. § 411(a); *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 888, 203 L. Ed. 2d 147 (2019) ("[O]utside of statutory exceptions not applicable here, § 411(a) bars a copyright owner from suing for infringement until … the Copyright Office grants registration.").  Here, Plaintiff plainly admits that he has not registered any work with the Copyright Office and that alone is fatal to the claim.[2]  *See* Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opp."), at 2 [Dkt. No. 20].

And second, there is simply no copyright protection for the life events of the kind that Plaintiff alleges.  *Corbello v. Valli*, 974 F.3d 965, 983 (9th Cir. 2020) ("The incident itself is an unprotectable historical event …."); *Milano v. NBC Universal, Inc.*, 584 F. Supp. 2d 1288, 1293–94 (C.D. Cal. 2008) ("Copyright law does not protect ideas themselves…. Unprotectable

---

[1] To be clear, the Complaint does not allege that the songs mention Plaintiff by name in any way.

[2] The Copyright Act makes clear registration of a copyright is a *precondition* to suit.  *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886, 203 L. Ed. 2d 147 (2019) (holding except in "limited circumstances" not applicable here, 17 U.S.C. § 411(a) bars a copyright owner from suing for infringement prior to registration).  "[P]ermitting amendment to cure a claimant's failure to register its copyright before suing would undermine the objectives animating the Supreme Court's decision in *Fourth Estate*."  *Izmo, Inc. v. Roadster, Inc*., No. 18-CV-06092-NC, 2019 WL 2359228, at *2 (N.D. Cal. June 4, 2019); *see also UAB 'Planner 5D' v. Facebook, Inc*., No. 19-CV-03132-WHO, 2019 WL 6219223, at *7 (N.D. Cal. Nov. 21, 2019) ("A plaintiff cannot cure its failure to meet the preconditions set forth in 17 U.S.C. § 411(a) by amending its pending complaint."); *Dixon v. NPG Music Publ'g, LLC*, No. 17-CV-00363-ODW, 2017 WL 2469352, at *3 (C.D. Cal. June 6, 2017) (dismissing copyright infringement claim where plaintiff failed to allege registration in works at issue and holding that plaintiff could not remedy that pleading deficiency).  Therefore, the Court grants Meta's Motion as to Plaintiff's copyright infringement claim without leave to amend.

elements include general plot ideas and 'scenes à faire,' which are scenes that flow naturally from unprotectable basic plot premises and 'remain forever the common property of artistic mankind.'"). Even assuming all the facts to be true, as the Court must for purposes of this Motion, Plaintiff does not—and cannot—state a claim for copyright infringement.

### B. Defamation

Next, Plaintiff appears to assert that the same facts state a claim for defamation. *See* Complaint ¶ 205. "Defamation is an invasion of the interest in reputation. The tort involves the intentional publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Cornell v. Berkeley Tennis Club*, 18 Cal. App. 5th 908, 946, 227 Cal. Rptr. 3d 286, 316 (2017) (quoting *Ringler Associates Inc. v. Maryland Casualty Co.*, 80 Cal. App. 4th 1165, 1179 (2000)).

Here, Plaintiff's Complaint fails to allege that the relevant statements specifically referred to or concerned Plaintiff. "In actions based on the identification of a fictional character with the actual plaintiff, the test is whether a reasonable person ... would understand that the fictional character therein pictured was, in actual fact, the plaintiff acting as described." *Tamkin v. CBS Broad., Inc.*, 193 Cal. App. 4th 133, 146, 122 Cal. Rptr. 3d 264, 273–74 (2011). Plaintiff's Complaint does not plausibly allege that a reasonable person would understand the songs to be about Plaintiff and thus his defamation claim fails.

Moreover, the Court also notes that Plaintiff's defamation claim is fundamentally at odds with his theory of the case. Plaintiff's theory centers on musical artists taking true events from his life and making art based on those events. *See* Complaint ¶¶ 19, 20, 205. To state a claim for defamation, Plaintiff need not plead falsity unless he is a public figure or the statement is a matter of public concern. *See Nizam-Aldine v. City of Oakland*, 47 Cal. App. 4th 364, 372, 54 Cal. Rptr. 2d 781, 786 (1996). But where Plaintiff's own allegations state that the songs were accurately depicting true life events,[3] a defamation claim cannot stand.

### C. Right of Publicity

Plaintiff's Complaint also asserts a violation of his right to publicity. Under California law, such a claim may arise in both common law and California Civil Code § 3344. To allege a common law claim, Plaintiff must show "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of [the] plaintiff's name or likeness to [the] defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Arenas v. Shed Media U.S. Inc.*, 881 F. Supp. 2d 1181, 1188 (C.D. Cal. 2011), *aff'd* 462 F. App'x 709 (9th Cir. 2011) (alterations in original) (citation omitted). For a claim under § 3344, a plaintiff must allege all the elements of a common law claim plus "a knowing use by the defendant" and "a direct connection between

---

[3] Once, in Plaintiff's 155-page Complaint, he states that the "songs being built about him" were "showing a false image," Complaint ¶ 199, but provides no factual allegations plausibly showing why that would be the case or what was false. Surviving a Rule 12(b)(6) motion to dismiss "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007).

the alleged use and the commercial purpose." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001) (citation omitted).

Plaintiff cannot plausibly allege a right of publicity claim.  Plaintiff does not allege that the artists used his identity, or even his likeness, in any recognizable (or conceivable) way.  The closest Plaintiff comes to this requirement is alleging that the music video for Taylor Swift's *Look What You Made Me Do* displays in certain shots a large letter 'U', which is Plaintiff's middle initial.  Complaint ¶¶ 55, 58; Complaint at 30, Figure 2.1.M.  A single initial cannot plausibly represent Plaintiff's identity.  As discussed above, appropriation of life experiences, without more, is insufficient.  And even if this could be shown, Plaintiff's Complaint is missing any plausible allegation that the use of Plaintiff's identity or likeness was to the artists' commercial advantage.

Therefore, the Court grants Defendant's Motion to Dismiss Plaintiff's Complaint without leave to amend.[4]

**IT IS SO ORDERED.**

---

[4] Although generally a court granting a motion to dismiss should also grant leave to amend, "leave to amend need not be granted when 'any amendment would be an exercise in futility.'"  *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1103 (9th Cir. 2018) (quoting *Steckman v. Hart Brewing*, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998)).  Because Defendant's theory of the case simply does not fit the law of any of these claims, the Court concludes any amendment on these claims would be futile.